IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mattie Brown Cannon, ) | C/A No. 0:14-3001-MGL-PJG |
| )  Plaintiff,    ) | |
| )                     | |
| v.                                     ) | **REPORT AND RECOMMENDATION** |
| )                     | |
| Carolyn W. Colvin, Acting Commissioner of ) | |
| Social Security,                  ) | |
| )                     | |
| Defendant.    ) | |
| _____) | |

This social security action is before this court pursuant to 42 U.S.C § 405(g) for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner"). The plaintiff, Mattie Brown Cannon, who is represented by counsel, initiated this action and filed her Complaint on July 28, 2014. (ECF No. 1.) The Commissioner filed an Answer along with a transcript of record on November 26, 2014. (ECF Nos. 8 & 9.)

The Local Rules of this District state that, after the filing of an answer, a plaintiff has thirty (30) days in which to file a written brief. Local Civil Rule 83.VII.04 (D.S.C.). The plaintiff's brief was due on or before January 5, 2015. On January 13, 2015, the court issued an order giving the plaintiff until January 20, 2015 to file a brief if she desired to proceed in litigating her claims. (ECF No. 11.) The plaintiff was specifically warned that if she failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). Plaintiff filed a motion for an extension of time which was granted by docket text order, thereby extending her time to file a brief until February 17, 2015. (ECF Nos. 13 & 15.) As of this date, the plaintiff has not filed a brief and has presented no argument

as to why the decision by the Commissioner is not supported by substantial evidence. Therefore, the plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).

### RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 588 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 19, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).